MICHAEL O'DONOHOE, APPELLEE, V. MILTON D. POLK
ET AL., APPELLANTS.

FILED JUNE 19, 1895. No. 5947.

1. **Pleading:** WAIVER OF MATERIAL ALLEGATION. The want
of a material allegation in a petition may be waived by a failure
to challenge attention to it in the district court.

2. **Conflicting Evidence:** REVIEW. Findings of fact upon con-
flicting evidence will not be disturbed on appeal unless mani-
festly unsustained by the evidence.

APPEAL from the district court of Cass county. Heard
below before CHAPMAN, J.

*C. S. Polk* and *Mockett, Rainbolt & Polk,* for appellants.

*Matthew Gering, contra.*

RYAN, C.

The appellee alleged in the district court of Cass county
that he had obtained on August 24, 1891, a judgment in
the county court of said county against Milton D. Polk
for the sum of $499.25 and costs; that a transcript of said
judgment had been duly filed in the office of the clerk of the
aforesaid district court; that an execution issued upon said
judgment had been returned "No property found whereon
to levy;" that on the 30th of August, 1889, said Milton D.
Polk had conveyed to his father, John F. Polk, certain
described real property in Cass county, which plaintiff
sought to subject to the payment of his judgment; that
said conveyance was fraudulent as against the creditors of
Milton D. Polk and was without consideration; that said
Milton D. Polk was insolvent and had no property what-
ever out of which the aforesaid judgment could be satisfied;
that to further promote the fraudulent purpose aforesaid

O'Donohoe v. Polk.

the said John F. Polk had conveyed said real property to his brother-in-law, S. O. Leeson, who was the uncle of Milton D. Polk, and that each of said conveyances was, with full knowledge of each party to it, of the fraudulent purpose which actuated every other party. The parties to the above transfer were made defendants and upon issues joined there was a trial, which resulted in a decree subjecting the above mentioned real property as prayed.

It is first insisted that there was alleged no levy upon the real property in aid of which the equitable powers of the district court have been invoked. If this objection had been made before trial it would have been entitled to serious consideration, for it points to a very serious defect in the petition. No question or objection was made to the sufficiency of the averment in any respect until this hearing on appeal, and it is now too late to urge it effectually. To the argument that there was no averment that the conveyances attacked prevented the subjection of the aforesaid real property to the payment of the plaintiff's judgment, it is deemed sufficient to answer that while the general conclusion was not stated, there were recited such facts as fully justified the assumption that such hindrance had an actual existence. While the evidence was such that a finding thereon in favor of the defendant would not have been disturbed as without sufficient support, it, on the other hand, was not so deficient in amount or weight as to justify an interference with the decree which was actually entered. The judgment of the district court is

AFFIRMED.